J. II. Crozier,
special judge, delivered the opinion of the court.
The bill of complainant alleges, that, as tenant by curtesy to his wife, Jane Smith, formerly Jane Kincaid, sister to respondent, he was entitled to an undivided ninth part of a tract of land, in Campbell county, which, for some yeai’S past, has been in possession of respondent. That .in the year eighteen hundred and forty-two, an execution against him was levied on the land, and Ids interest sold to the respondent, John Kincaid, for the sum of five dollars. That before the two years expired he tendered to the respondent, through his agent, the amount of the purchase money for the land, together with ten per cent per annum thereon, as required by law, for the purpose of redeeming it, but that the respondent refused to permit him to redeem. He, therefore, prays that the title to the land, acquired the respondent by the pur *74 chase, be divested, and re-vested in himself, and that an account be taken of the rents and profits that may be due him.
The chancellor granted the relief prayed for in the bill, and an interlocutory decree was entered in favor of complainant, from which there is an appeal to this court.
It is contended, on behalf of the respondent, that the chancellor erred in entering up a decree in favor of the complainant, because the allegation in the bill of the tender of the purchase money with the interest allowed thereon, by law, is sustained by the testimony of only ■one witness. The witness states (there is only one who is examined in reference to this point,) that Smith, the complainant, requested him to pay, or tender, to the respondent, the purchase money, and the ten per cent, and obtain from him are-conveyance of the land; that he furnished him with a purse of silver money, from which, after making the necessary calculation, he took sufficient to make the amount and the per cent thereon. This sum he tendered to respondent, and stated the •object, telling him that complainant wished to redeem his interest in said land, and that he had requested him to act as his agent and attorney in that behalf. Respondent replied that he had received a deed for the purchased interest, and that it was then loo late for complainant to redeem. Witness said he. thought otherwise, and respondent said he would consult his counsel.
The substance of the witness’ testimony is, in general terms, made a distinct allegation in the bill. The respondent, in his answer, does not respond to this part ■of the bill, and on this ground it was excepted to, and the exception sustained. In his amended answer, he .states that he admits that Mr. Maynard, (who is the *75 witness in this ease, who represented himself as the attorney of complainant, and acting on his behalf,) proposed to pay him, by way of redemption of the land,, the five dollars which he had paid on it, and ten per cent thereon. The rule in chancery proceedings is, that where the answer, made on oath, denies an allegation in the bill, it must be proven by two witnesses, or the testimony of one witness, supported- by corroborating circumstances. There is, however, no such denial in this answer as makes it necessary to prove the allegation of tender, by two witnesses. On the contrary, the respondent admits that the witness, as attorney and acting on behalf of complainant, tendered him the purchase money with ten per cent thereon. This fact then, we think, is sufficiently established by the answer, and the testimony of the witness.
But it is also contended that the amount tendered in this case was insufficient, because the act of the legislature not only requires the tender or payment of “the principal money bid at such sale with ten per cent per annum thereon,” but “all such other lawful charges, if any there be,” and that the sum tendered in this case, did not cover the charges for probate and registration of the sheriff’s deed, which had been obtained by the respondent. We are not prepared to say that the cost of probate and registration of a sheriff’s deed, was intended to be, or is included, by the legislature, in the use of the term, “lawful charges thereon,” but it is not necessary we should decide that point in this case. For although, the respondent, in his answer, claims pay for the probate and registration of the sheriff’s deed, he does not say that he refused the money because it was too little and did not cover these charges. And the *76 witness states, in his testimony, that after respondent had consulted his counsel, or had had an opportunity to do so, in his second interview with him, he asked him whether he would receive the “ proper amount of money" and allow the complainant to redeem? To which he answered, very briefly, he would do nothing about it. This fact clearly establishes that' the respondent intended and did refuse to permit the complainant to redeem the land, without objection .to, or even considering the sum offered.
It is further contended, on behalf of respondent, that the complainant, from the death of his wife, Jane, in the year eighteen hundred and twenty-three, up to the time of filing this bill, in the year eighteen hundred and forty-five, never set up any claim or asserted his right to the land as tenant, by curtesy,- and is thei’e-fore barred from doing so now, by the lapse of time. It is a sufficient answer to this position that the respondent never held the land adversely to the right of the complainant, until his purchase, but on the contrary, his purchase of the right or estate, at execution sale, in the year eighteen hundred and forty-two, is an admission of the claim or right of the complainant, to the land at that time.
The decree of the chancery court will be affirmed.